*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0777**

Brent D. Griffith,
Relator,

vs.

Minnesota Department of Human Services,
Respondent,

Department of Employment and Economic Development,
Respondent.

**Filed January 19, 2016
Affirmed
Reilly, Judge**

Department of Employment and Economic Development
File No. 33239764-3

Brent D. Griffith, Benson, Minnesota (pro se relator)

Minnesota Department of Human Services, St. Paul, Minnesota (respondent)

Lee B. Nelson, Tim Schepers, Department of Employment and Economic Development, St. Paul, Minnesota (for respondent Department of Employment and Economic Development)

Considered and decided by Rodenberg, Presiding Judge; Schellhas, Judge; and Reilly, Judge.

UNPUBLISHED OPINION

**REILLY**, Judge

Relator Brent D. Griffith challenges the denial of his claim for unemployment benefits on the ground that the unemployment-law judge (ULJ) erred in determining that he quit his employment without good reason caused by the employer and was therefore ineligible to receive unemployment benefits. Because the ULJ's factual findings are substantially supported by the evidence in the record, we affirm.

## FACTS

Griffith was employed full time as a registered nurse with respondent Minnesota Department of Human Services (DHS) in the Child and Adolescent Behavioral Health Care Services program from April 1, 2007, to January 2, 2015. Griffith was the subject of three investigations at work in October 2013, December 2013, and January 2014, resulting in two disciplinary actions. In October 2013, Griffith was investigated for maltreatment of a minor based on the allegation that he gave improper medications to a juvenile without a doctor's permission. Griffith received a two-day suspension in January 2014 for this conduct. Griffith filed a grievance which was pending at the time he quit his employment. In December 2013, Griffith failed to call or show up for a scheduled shift. In January 2014, Griffith used a state vehicle without proper authorization. DHS issued a five-day suspension for these two incidents. Griffith grieved the disciplinary action and the suspension was reduced. In December 2014, Griffith gave notice of his resignation and filed a grievance against his supervisor and another registered nurse. Griffith stated that he was being targeted and harassed by two staff members in supervisory positions. Griffith

2

testified he resigned because he felt he was being treated unfairly on account of the investigations and was "tired of being investigated improperly."

Griffith applied for unemployment benefits in January 2015. The Minnesota Department of Employment and Economic Development (DEED) determined that Griffith was ineligible for unemployment benefits because he voluntarily quit employment without good reason caused by the employer. DEED determined that the "evidence does not show that the alleged harassment, abusive behavior or a hostile work environment was so serious that it would have caused an average, reasonable worker to quit and become unemployed rather than remaining in the employment." DEED therefore denied the unemployment application on the ground that Griffith failed to show a good reason caused by the employer for quitting.

The ULJ conducted a telephone hearing in February 2015, at which Griffith and DHS's human-resources consultant provided testimony. The ULJ issued a decision on March 2, 2015, finding that Griffith quit his employment and was ineligible for payment of unemployment benefits. The ULJ determined that the October 2013, December 2013, and January 2014 investigations were not groundless and did not constitute harassment. The ULJ also noted that Griffith "failed to give the employer a reasonable opportunity to investigate his concerns prior to quitting." The ULJ concluded that Griffith quit his employment and was not eligible to receive unemployment benefits as a result of his separation from employment. Griffith requested reconsideration of the ULJ's decision, which was denied. This certiorari appeal followed.

**D E C I S I O N**

3

The issue presented on appeal is whether Griffith quit his employment because of good reason caused by the employer. When reviewing an unemployment-insurance-benefits decision, we may affirm, remand the case for further proceedings, or reverse and modify the decision if the substantial rights of the relator have been prejudiced because the conclusion, decision, findings, or inferences are affected by errors of law, unsupported by substantial evidence in view of the entire record, or are arbitrary or capricious. Minn. Stat. § 268.105, subd. 7(d) (Supp. 2015). We view the ULJ's factual findings in the light most favorable to the decision and will not disturb them if they are substantially supported by the record. *Stassen v. Lone Mountain Truck Leasing, LLC*, 814 N.W.2d 25, 31 (Minn. App. 2012). Questions of law are subject to de novo review. *Schmidgall v. FilmTec Corp.*, 644 N.W.2d 801, 804 (Minn. 2002).

Griffith quit his employment in January 2015. An applicant who quits employment is ineligible to receive unemployment benefits unless a statutory exception applies. Minn. Stat. § 268.095, subd. 1 (2014). One such exception is when an applicant quits "because of a good reason caused by the employer." *Id.*, subd. 1(1). A "good reason caused by the employer" is a reason that: (1) is directly related to the employment and for which the employer is responsible; (2) is adverse to the employee; and (3) would compel an average, reasonable worker to quit and become unemployed. *Id.*, subd. 3(a). Whether an employee had good cause to quit is a question of law we review de novo. *Rowan v. Dream It, Inc.*, 812 N.W.2d 879, 883 (Minn. App. 2012).

Griffith claims that he quit his employment because he was being unfairly targeted and harassed by his supervisor. The reasonable-worker standard is objective and is

4

"applied to the average person rather than the supersensitive." *Ferguson v. Dep't of Employment Servs.*, 311 Minn. 34, 44 n.5, 247 N.W.2d 895, 900 n.5 (1976). Thus, irreconcilable differences with an employer or "mere dissatisfaction with working conditions" do not constitute good cause to quit. *Ryks v. Nieuwsma Livestock Equip.*, 410 N.W.2d 380, 382 (Minn. App. 1987). The ULJ considered the arguments, weighed the evidence presented, and concluded that Griffith "quit without good reason caused by this employer." The ULJ concluded that the investigations conducted by management were done in the course of DHS's duty and "were not harassment." The factual record supports the ULJ's decision.

As the ULJ noted, assuming that management subjected Griffith to adverse working conditions, Minnesota statutes required that he "complain to the employer and give the employer a reasonable opportunity to correct the adverse working conditions before that may be considered a good reason caused by the employer for quitting." Minn. Stat. § 268.095, subd. 3(c). The ULJ determined that Griffith "failed to give the employer a reasonable opportunity to investigate his concerns prior to quitting." Although Griffith filed a complaint regarding his harassment allegations, it was filed at approximately the same time Griffith tendered his resignation. The ULJ determined that "[t]here is no evidence to suggest that the employer did not take appropriate action in investigating this complaint of harassment," and Griffith quit before any findings were made. The ULJ determined that Griffith failed to give DHS a reasonable opportunity to investigate his concerns and substantial evidence in the record supports the ULJ's determination.

**Affirmed.**

5